UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Gary J. Plummer,

TIMOTHY J. MILLER, TRUSTEE,

       Appellant,

v.

GARY J. PLUMMER,

       Appellee.
_____/

Case No. 18-cv-12337
Hon. Matthew F. Leitman

# ORDER VACATING BANKRUPTCY COURT ORDER DATED JULY 11, 2018, AND REMANDING FOR FURTHER PROCEEDINGS

**I**

On July 11, 2018, the Bankruptcy Court entered an order excluding from Debtor Gary J. Plummer's bankruptcy estate Plummer's interest in a retirement plan. (*See* Order, ECF #7-7.) Plummer had received that interest pursuant to a Qualified Domestic Relations Order entered by a state court in his divorce proceedings (the "QDRO"). The QDRO specifically referenced the name of the retirement plan in which Plummer was acquiring an interest: University of Michigan Regular Retirement Plan #86503. (*See* QDRO, ECF #7-2 at Pg. ID 577.)

The Bankruptcy Court recognized that the decision whether to exclude Plummer's interest in the retirement plan had to be based in part on the language of the plan. (*See, e.g.*, Transcript, ECF #7-6 at Pg. ID 677.) On November 8, 2017, the

1

parties presented a stipulation directing the Bankruptcy Court to what they believed was the plan document containing the controlling language. In the stipulation, the parties told the Bankruptcy Court that the document filed at Bankruptcy Court Docket 38-1 "is the actual retirement plan" ("Stipulated Plan"). (*See* Stipulation, ECF #7-3.) But when the Bankruptcy Court decided to exclude Plummer's interest in the plan from his bankruptcy estate, it did not rely on the language of the Stipulated Plan. Instead, the court relied upon language in a different document – entitled "University of Michigan Elective Retirement Plan" – that Plummer submitted after all briefing and argument had been completed (the "Latter Purported Plan"). (*See* Transcript, ECF #7-6 at Pg. ID 670-72, 677, 682 (stating that the "Court reviewed the plan that was filed on April 20th, 2018," and analyzing the language found therein).)

## II

While it is clear to this Court that the Bankruptcy Court gave the challenging issues presented in this case serious and careful consideration, this Court respectfully concludes that the Bankruptcy Court erred by relying on the language in the Latter Purported Plan. That plan was not authenticated, and the Trustee never had an opportunity to fully and fairly litigate the issue of whether that plan was, in fact, the plan referenced in the QDRO. Moreover, there is reason to believe that the Latter Purported Plan is *not* the plan referenced in the QDRO and, thus, that it is not the

2

plan in which Plummer acquired an interest. The QDRO references plan number #86503 (*see* QDRO, ECF #7-2 at Pg. ID 577), but no plan number appears on the Latter Purported Plan. (*See* Latter Purported Plan, ECF #9-8). Furthermore, the QDRO references a plan named "University of Michigan Regular Retirement Plan" (*see* QDRO, ECF #7-2 at Pg. ID 577,) but the Latter Purported Plan is entitled "University of Michigan Elective Retirement Plan." (*See* Latter Purported Plan, ECF #9-8 at Pg. ID 830.) Simply put, this record does not contain sufficient evidence to support a finding that the Latter Purported Plan is the plan in which Plummer acquired an interest through the QDRO.[1]

### III

Under these circumstances, the Court believes that the appropriate course of action is to vacate the Order and remand for further proceedings. On remand, the Trustee shall be given an opportunity (1) to conduct discovery into whether the Latter Purported Plan is, in fact, the plan referenced in the QDRO, (2) to present evidence and argument that the Latter Purported Plan is not the plan referenced in the QDRO, and (3) to present evidence and argument that some other plan is the plan

---

[1] While on this record the Bankruptcy Court erred in relying on the language of the Latter Purported Plan, the Court correctly did not treat the language of the Stipulated Plan as controlling. It seems clear that the Stipulated Plan found at DN 38-1 is not the plan referenced in the QDRO. Indeed, the Stipulated Plan does not appear to be a governing plan document. Instead, it is a summary of several different plans available through the University of Michigan.

3

referenced in the QDRO. If, after these proceedings, the Bankruptcy Court ultimately concludes that the Latter Purported Plan is the plan referenced in the QDRO, the court need not conduct any new or additional legal analysis; it may simply re-enter the Order with a section explaining its factual finding that the Latter Purported Plan is the plan referenced in the QDRO. However, if the Bankruptcy Court determines that some other plan is the plan referenced in the QDRO, the Bankruptcy Court shall reconsider its legal analysis in light of the language of that other plan.

For all of the reasons explained above, **IT IS HEREBY ORDERED** that the Bankruptcy Court's Order is **VACATED**, and the matter is **REMANDED** for further proceedings before the Bankruptcy Court consistent with this Opinion and Order.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: January 29, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 29, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764

4